WILLIAM SCHLEMM, complainant-respondent,

*v.*

STEPHEN WHITTLE and LOUISA M. SCHLEMM, defendants-appellants.

[Argued June Term, 1916. Decided November Term, 1916.]

The bill of complaint prayed for the reformation or cancellation of a contract between husband and wife, through her trustee, providing support for the wife and child, because by inadvertence the agreement failed to include the true agreement between the parties; and also prayed for an injunction to stay the proceedings in a suit at law, brought by the

trustee to collect arrears due to the wife upon the agreement.—*Held,* that a preliminary injunction staying the suit at law was improperly ordered, since the allegations of the bill were fully met by the answer, and neither the pleadings nor proof, upon which the order was made, presented a case showing either an urgent necessity for an injunction, nor the probability of irreparable injury resulting because of failure to issue it.

On appeal from a decree advised by Vice-Chancellor Lewis.

*Mr. J. Emil Walscheid,* for the complainant.

*Messrs. Weller & Lichtenstein,* for the defendants.

The opinion of the court was delivered by

MINTURN, J.

The complainant filed his bill, alleging the execution of a tripartite agreement, in writing, between himself and his wife, and her trustee, Stephen Whittle, by the terms of which, through the trustee, he agreed to pay his wife, Louisa M. Schlemm, who was then living in a state of separation from him, a stated weekly allowance, for the support of her and their child; that he continued these payments until he discovered that she had been guilty, during the separation, of acts of adultery, when he discontinued the payments; that thereafter she, through her trustee, had instituted a suit at law upon the agreement to recover the payments due.

The bill contained the further allegation that at the time of the execution of the agreement it was mutually agreed between the husband and wife that during the separation she would live a virtuous life, and not commit adultery, and that a breach of the agreement upon her part, in the respect referred to, would terminate the complainant's obligation to continue the payments; that by mistake or inadvertence, this provision was omitted from the written contract; that as a result of the adultery complained of, a suit for divorce has been instituted by the complainant against his wife; that during the pendency of that suit the said trustee has commenced a suit at law to recover the payments due upon the written agreement.

An injunction was prayed for enjoining the trustee and Louisa M. Schlemm from prosecuting their legal action, and a decree in the alternative was sought requiring the surrendering up and the cancellation of the written agreement, or its reformation by the insertion therein of a provision in consonance with the alleged omitted stipulation of the parties.

The answer of the defendants denied the material allegation of the bill,.and specifically denied the making of the verbal agreement, and its inadvertent omission from the written contract. Upon the filing of the bill an order to show cause, containing an *ad interim* restraint, was granted why an injunction should not issue to restrain the suit at law. Upon the hearing of that order upon bill and answer and affidavits, a temporary injunction or restraining order was issued whereby the defendants were enjoined from further prosecuting their action at law until the determination of this suit. From that order this appeal is taken.

We find it unnecessary for the determination of the propriety of making the order appealed from to discuss the merits of the issue presented, from the viewpoint of equitable jurisdiction, further than to reiterate the fact that every material allegation in the bill has been met by a specific denial in the answer.

To warrant the issuing of a preliminary injunction, in such a situation, it must be reasonably apparent that the damage which the complaining party is liable to suffer will be irreparable in character, or that the urgent necessity of the case requires the intervention of the protecting arm of the court to save the subject-matter of the controversy from impairment or destruction. *Willard Eq. Jur. 343.*

This statement of the equitable doctrine has frequently received the consideration of this court, in reported cases, which may be found collected in the digests. *4 N. J. Dig. 6902;* supplement *N. J. Dig. 1155.*

But the *ratio decidendi,* and the logical analysis of the equitable philosophy underlying the doctrine, was presented in this court with that singular acumen and learned lucidity which invariably distinguished the pronouncements of Chief-Justice Beasley in *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29*

N. J. Eq. 299. That case is the exponent of three settled rules of equity procedure which appear to us to be dispositive of the case at bar. (1) A preliminary injunction is never granted unless the act threatened to be done will inflict an irreparable injury on the complainant. (2) Nor will the writ be issued where the right of the complainant depends on an unsettled question of law. (3) It is a general rule that when the equity of the complainant is disproved by the answer and affidavits, a preliminary injunction is not proper.

The present chief-justice, in *McMillan* v. *Kuehnle, 78 N. J. Eq. 253,* speaking for this court over thirty years after the determination in the *Citizens Coach Co. Case,* emphasized the importance of a rigid adherence to this rule in the case of an alleged recurring weekly nuisance, and there declared the settled corollary of the rule that: "It is not necessary now to consider whether the disturbance of the complainant's rights is of such a character as to entitle them to an injunction upon a final hearing of the cause."

The present chancellor, in *Aldrich* v. *Union Bag and Paper Co., 81 N. J. Eq. 247,* adverting to this adjudication, observed that the court of chancery "was recently admonished in *McMillan* v. *Kuehnle* not to award preliminary injunctions except to prevent irreparable injury," which, in effect, was but another method of emphasizing the long established equitable doctrine that such injunctive relief should be exercised only "with extreme caution." *Citizens Coach Co. Case, ubi supra; Ramsey* v. *Erie Railroad, 38 How. 193; Willard Eq. Jur. 344.*

It must suffice to observe here under the rule adverted to that the gravamen of the complainant's alleged right, *i. e.,* the existence of the agreement, is disputed *in toto* by the defendants' answer and affidavits. This status renders the complainant's right to the relief prayed for upon this application a controverted question, the settlement of which must be postponed until final hearing, and, in such a situation as a general rule, the injunctive power of a court of equity will not be exercised unless the controversy can be brought within the exceptions referred to, based upon the notion of urgent necessity, or irreparable loss, for the purpose of preserving the *res* or the status *quo ante,* as

an indispensable condition for the preservation of the rights of the parties.

In the case at bar, the legal liability of the complainant to support his wife and child is accentuated by his written contract for that purpose, and his performance of the covenant for a comparatively lengthy period. The failure of the court to repudiate the contract upon his petition *in limine*, may result in temporary inconvenience to him, and, perhaps, from his viewpoint, to an unnecessary financial expenditure, but in no sense can that situation be magnified into a status of urgent necessity or irreparable loss.

The status presented is one of complainant's own making; and, perhaps, as he contends, and as the sequel may prove, a situation brought upon him by his own mistake or inadvertence, but none the less of his own creation, the burden of which he must in equity continue to assume until his rights shall have been adjudicated upon final hearing of the cause.

The order appealed from will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR—13.